UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRAVIS W. GIBSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 03-CV-0405-CVE-PJC |
| ) | |
| STATE OF OKLAHOMA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. # 1), and an amended petition for writ of habeas corpus (Dkt. # 4). He was convicted of indecent exposure under OKLA. STAT. tit. 21, § 1021(A) on May 22, 2000. He challenges his classification as a registered sex offender under OKLA. STAT. tit. 57, § 582 because, at the time charges were filed against him on October 9, 1998, he would not have been required to register as a sex offender.

### I.

Petitioner Travis Gibson resided in Broken Arrow, Oklahoma and was employed by South Side Plumbing. On July 13, 1998, police received reports that a man was sitting in a parked vehicle in front of Circuit City on 71st Street in Tulsa, Oklahoma. According to a witness statement, the man would approach female drivers and expose himself. One driver called the police on her cell phone and provided a detailed description of the suspect and his vehicle. Police later identified the suspect as Travis Gibson, and Gibson was charged with indecent exposure in Tulsa County District Court on October 9, 1998. On February 7, 2000, Gibson entered an Alford plea, which the court accepted, and a presentence investigation and report were ordered.

On May 22, 2000, Gibson was given a 5 year suspended sentence on a felony charge of indecent exposure, and he was also ordered to register as a sex offender. When Gibson entered his plea, he believed that he was entering a plea to a charge of indecent exposure under OKLA. STAT. tit. 21, § 1021(A)(1). Section 1021(A)(1) states that "[e]very person who willfully and knowingly . . . lewdly exposes his person or genitals in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . shall be guilty . . . of a felony." OKLA. STAT. tit. 21, § 1021(A). However, the criminal information filed against Gibson cited to section 1021(B), Dkt. # 1, at 30, which provides:

Every person who:

1. Willfully solicits or aids a minor child to perform; or

2. Shows, exhibits, loans, or distributes to a minor child any obscene material or child pornography for the purpose of inducing said minor to participate in, any act specified in paragraphs 1, 2, 3 or 4 of subsection A of this section shall be guilty, upon conviction, of a felony and shall be punished by imprisonment in a state correctional institution for not less than ten (10) years nor more than thirty (30) years.

OKLA. STAT. tit. 21, § 1021(B). Exhibits attached to Gibson's habeas petition clearly show that he was charged with indecent exposure, not a sex crime against a minor. See Dkt. # 1, at 28 (booking report describing crime as indecent exposure under OKLA. STAT. tit. 21, § 1021); id. at 30 (criminal information filed in Tulsa County District Court on October 9, 1998 charging Gibson with indecent exposure); id. at 31-32 (judgment and sentence stating in bold letters that Gibson entered an Alford plea to a charge of indecent exposure); id. at 33-36 (findings of fact filed with judgment stating that Gibson was convicted of indecent exposure, but referencing OKLA. STAT. tit 21, § 1021(B)); id. at 39-40 (docket entry clarifying that Gibson entered a plea to indecent exposure and correcting docket to refer to correct statutory basis for crime).

2

When Gibson was charged in 1998, Oklahoma's Sex Offender Registration Act, OKLA. STAT. tit. 57, § 581 et seq., applied to:

> any person who, after November 1, 1989, has been convicted, whether upon a verdict or plea of guilty or upon a plea of nolo contendere, or received a suspended sentence for a crime or an attempt to commit a crime provided for in Sections 885, 888, 1021, except for a crime provided for in paragraph 1 of subsection A of Section 1021, . . . .

OKLA. STAT. tit. 57, § 582 (amended 1997). However, the statute was amended, effective November 1, 1998, by deleting the language "except for a crime provided for in paragraph 1 of subsection A of Section 1021." Gibson claims that, at the time he entered his plea, he was not aware he would be required to register as a sex offender. On May 31, 2000, he filed a motion to withdraw his Alford plea and set aside the conviction. The court denied his motion, and upheld the conviction and sentence. Even though the court affirmed Gibson's conviction for indecent exposure, Gibson refused to register as a sex offender, because he claimed that the statute did not require him to register when he was charged with a crime.[1] On June 7, 2002, Gibson renewed his motion to withdraw his Alford plea, and the renewed motion was denied.

Following the court's denial of his motions to withdraw his plea, Gibson filed an application for post-conviction relief in state district court on July 26, 2002, and he filed a second application for post-conviction relief in state district court on December 4, 2002. The court denied the first

---

[1] Petitioner moved to Missouri after he was sentenced, but the state of Missouri refused to supervise him. Petitioner refused to complete a sex offender treatment program while in Missouri, and he would not establish an address in Oklahoma. The state of Oklahoma filed an application to revoke Gibson's suspended sentence. Dkt. # 1, at 37. On May 23, 2002, Gibson confessed to violating conditions of his suspended sentence, and the court ordered him to register as a sex offender and return to Oklahoma within 90 days. Id. at 39-40. Also on May 23, 2002, the court docket was amended to reflect that Gibson was convicted of indecent exposure under OKLA. STAT. tit 21, § 1021(A)(1). Id.

application on September 11, 2002. Dkt. # 4, at 107-10. The court held that Gibson waived all arguments raised in his application for post-conviction relief that could have been raised in a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). Id. at 108-09. As well as finding that Gibson waived his post-conviction claims, the court noted that Gibson's rights under the Ex Post Facto Clause of the United States Constitution were not violated by Oklahoma's sex offender registry, because the registry was remedial, not punitive. Id. at 109-10. The second application for post-conviction relief was denied because petitioner was estopped from litigating issues decided in a previous application for post-conviction relief. Id. at 118-22. Gibson has never filed an appeal of his conviction, sentence, or the denials of his applications for post-conviction relief to the OCCA.

## II.

By order filed on May 12, 2004 (Dkt. # 8), this Court denied respondent's motion to dismiss for failure to exhaust administrative remedies, finding it would be futile to require petitioner to return to state court to exhaust his federal claims.[2] The Court determined that due to petitioner's default of claims in state court, his claim would be denied as procedurally barred unless petitioner could show cause and prejudice or a fundamental miscarriage of justice to excuse the procedural bar. Petitioner filed his response (Dkt. # 9) arguing that he is actually innocent of the crime of which he was convicted and that, as a result, a fundamental miscarriage of justice will occur if his claims are not heard. However, the Court finds that petitioner's assertion of innocence is actually a claim of

---

[2] In Gibson's amended habeas petition, he gives conflicting answers to questions asking whether he appealed his conviction. In response to question 11, he states that he appealed his conviction, but his response to question 13 indicates that he did not file an appeal because he did not have a lawyer. He clarifies these responses by stating that he objected to the entry of judgment against him, and he lists 12 motions filed in Tulsa County District Court. Dkt. # 4, at 2-6  Although he repeatedly objected at the district court level, he did not file an appeal to the OCCA.

legal innocence as opposed to actual innocence.  A claim of legal innocence is insufficient to meet the stringent standards for excusing a procedural bar to federal habeas review.

The Supreme Court has held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  In order to overcome procedural bar with a claim of actual innocence, the Court must find "that no reasonable juror would have found the defendant guilty." United States v. Cervini, 379 F.3d 987, 991 (10th Cir. 2004) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Courts should limit this exception to the "narrow class of cases . . . when a constitutional violation probably has caused the conviction of one innocent of the crime." McCleskey v. Zant, 499 U.S. 467, 494 (1991).  These cases clearly show that a habeas petitioner must assert a claim of factual innocence to overcome procedural bar.

Petitioner claims that indecent exposure should have been charged under section 1021(A)(1), but that he was never formally charged under that section.  Although petitioner admits he was convicted of indecent exposure, the crime for which he was accused, he cites court documents incorrectly referencing section 1021(B).  The judgment and sentence entered by the state district court on May 22, 2000, clearly stated that petitioner was guilty of indecent exposure, but the judgment did not reference a particular criminal statute.  Dkt. # 1, at 31-32.  He was sentenced for the crime of indecent exposure and given a suspended sentence.  Id. ("The defendant has entered a plea of Alford and has been found guilty by the Court of the crime of **Indecent Exposure**."); see also id. at 33-36.  If petitioner had been sentenced under section 1021(B), he would have faced a mandatory minimum sentence of 10 years, and he would not have been eligible for a suspended

sentence. OKLA. STAT. tit. 21, § 1021(B). Petitioner does not deny that he committed the crime of indecent exposure, or that he voluntarily agreed to accept a plea bargain for that charge. Although the record shows that there was a typographical error referencing section 1021(B), the court convicted and sentenced petitioner under the proper statute. The Oklahoma court could have been more precise as to what statute petitioner was charged with violating, but this Court has no doubt that petitioner was convicted for indecent exposure and sentenced accordingly. He does not refute that he committed the crime of indecent exposure and there is no basis for the Court to conclude that he is factually innocent of that charge. Petitioner did not challenge his conviction on direct appeal and, finding no exception to overcome the procedural bar, his habeas claims are defaulted. See Thomas v. Gibson, 218 F.3d 1213, 1221 (10th Cir. 2000) (failure to present claim to the OCCA on direct appeal results in procedural bar on federal habeas review).

      Even if the Court were to consider the merits of Gibson's Ex Post Facto Clause claim, the Court would find that he is not entitled to habeas relief. In Smith v. Doe, 538 U.S. 84 (2003), the Supreme Court held that a registry to monitor convicted sex offenders following a conviction is nonpunitive in nature, and these registries do not implicate the Ex Post Facto Clause. Id. at 105-06. The Tenth Circuit has held that state statutes requiring sex offenders to register with a state agency impose a civil burden only, and such registries do not constitute criminal punishment. Femedeer v. Haun, 227 F.3d 1244, 1249-53 (10th Cir. 2000). Assuming the state of Oklahoma incorrectly charged Gibson under section 1021(B) instead of section 1021(A)(1), petitioner has not shown that his constitutional rights were violated. Even if the Oklahoma Legislature amended section 582 after Gibson was charged, the state could still require him to register as a sex offender without violating the Ex Post Facto Clause. Cutshall v. Sundquist, 193 F.3d 466, 476-77 (6th Cir. 1999) (sex offender

registry was civil in nature and could be applied to persons who were not required to register when the crime was committed without implicating Ex Post Facto Clause); Doe v. Pataki, 120 F.3d 1263 (2d Cir. 1997) (application of New York's sex offender registration act to offenders who committed crime before act was passed did not violate Ex Post Facto Clause).

**IT IS THEREFORE ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) and the amended petition for writ of habeas corpus (Dkt. # 4) are **denied**. A separate judgment is filed herewith.

**DATED** this 28th day of March, 2007.

*[signature: Claire V. Eagan]*

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT