**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TRAVIS W. GIBSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 03-CV-0405-CVE-PJC |
| | ) |
| STATE OF OKLAHOMA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action. In a document titled "Consider this motion a catch all! Motion to compel, 1983, Habeas, Motion to Expunge, Response to this court's opinion and order entered March-2007, whatever!!," filed March 16, 2016, Petitioner asks the Court, inter alia, to "rescind its previous order of March 2007 because it is frivolous" (Dkt. # 25). For the reasons discussed below, the Court adjudicates the motion as a "true" Rule 60(b) motion to set aside judgment and denies the requested relief.

The record reflects that, on March 28, 2007, the Court denied the claims raised in Petitioner's amended petition for writ of habeas corpus as procedurally barred.[1] See Dkt. # 13. Judgment in favor of Respondent was entered on March 28, 2007 (Dkt. # 14). Petitioner appealed. On November 29, 2007, the Tenth Circuit Court of Appeals denied a certificate of appealability and

---

[1] The Court explained to Petitioner that a federal habeas corpus court cannot grant habeas corpus relief unless the petitioner has fairly presented his claims to the highest state court. See Dkt. # 8 at 3-4. In this case, while Petitioner had presented his claims to Tulsa County District Court, in a motion to withdraw his Alford plea and in applications for post-conviction relief, Petitioner never appealed any of the district court's rulings to the Oklahoma Court of Criminal Appeals (OCCA), the highest court in Oklahoma for criminal matters. Id. at 4. As a result, his federal habeas claims were procedurally defaulted and could not be considered unless Petitioner demonstrated "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar. Id. at 5.

dismissed the appeal, noting that "[t]he district court's dismissal was clearly, concisely and correctly stated." See Dkt. # 23.

Now, more than eight years after the conclusion of his habeas appeal, Petitioner filed his motion requesting that the March 2007 Opinion and Order be set aside (Dkt. # 25). Although Petitioner cites no authority for the relief he seeks, Rule 60(b), Federal Rules of Civil Procedure, provides for relief from a final judgment, order, or proceeding. Rule 60(b) reads as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). When a habeas corpus petitioner files a Rule 60(b) motion reasserting previously considered claims or asserting new claims for relief, the Rule 60(b) motion constitutes a second or successive petition subject to being dismissed. 28 U.S.C. § 2244(b). However, a Rule 60(b) motion challenging the denial of § 2254 habeas corpus relief based on a procedural bar is not a successive habeas petition because it does not contest the merits of a conviction. See Gonzalez v. Crosby, 545 U.S. 524 (2005). A petitioner does not make a habeas claim when "he merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. at 532 n. 4, 533, 538; see also Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006); In re: Pickard, 681 F.3d 1201, 1206 (10th Cir. 2012) (explaining that "a Rule 60(b) motion is actually a second-or-

2

successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding").

Here, the Court denied Petitioner's habeas claims as procedurally barred. See Dkt. # 13. Accordingly, Petitioner's motion to set aside judgment shall be adjudicated as a "true" Rule 60(b) motion, rather than as a second or successive § 2254 petition. Spitznas, 464 F.3d at 1225.

Upon careful review of Petitioner's motion, the Court finds Petitioner is not entitled to relief under Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). In this case, this Court's Opinion and Order denying Petitioner's § 2254 petition was entered March 28, 2007, or almost nine years prior to the filing of the Rule 60(b) motion. Therefore, Petitioner is precluded from seeking relief under Fed. R. Civ. P. 60(b)(1), (2), or (3). Grounds (4) and (5) have no applicability to this case. As a result, assuming without finding that Petitioner filed his motion for relief from judgment within a "reasonable" time, the only available ground for relief is under Rule 60(b)(6).

Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corrs., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. (quotations omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Petitioner's claims do not rise to the level of "exceptional circumstances." Petitioner challenges the Court's ruling denying his habeas corpus claims as procedurally barred. In the

3

Opinion and Order denying the amended petition for writ of habeas corpus, the Court determined that Petitioner had failed to demonstrate that a fundamental miscarriage of justice would result if his claims challenging his Indecent Exposure conviction were not considered.[2] See Dkt. # 13 at 5-6. The Court explained that a habeas petitioner must assert a claim of actual innocence to overcome a procedural bar and that Petitioner had not established a basis for a claim of actual innocence. Id.

In seeking reconsideration of that ruling, Petitioner claims that he "was changing his clothes in what was a secluded location until the only witness approached out of her own curiosity," and that, at most, he is guilty of Openly Outraging Public Decency, a misdemeanor. See Dkt. # 25 at 8. However, a petitioner "must support his allegations of innocence with 'new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" Cole v. New Mexico, 58 F. App'x 825, 830 (10th Cir. 2003) (unpublished)[3] (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Petitioner, who entered an Alford plea and did not proceed to trial, has failed to make this showing. While Petitioner believes he was wrongly convicted, he provides no new evidence to support this allegation. Therefore, Petitioner does not fall within the narrow "fundamental miscarriage of justice" exception and the Court finds no basis for reconsidering its prior ruling that Petitioner fails to demonstrate actual innocence to overcome the procedural bar applicable to his habeas corpus claims. Petitioner's Rule 60(b) motion shall be denied.

---

[2]   Petitioner never offered an explanation for his multiple failures to appeal to the OCCA. Therefore, he did not present an argument to support "cause and prejudice" to overcome the procedural bar.

[3]   This unpublished opinion is not precedential but is cited as persuasive authority. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

4

### Certificate of Appealability

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Petitioner's Rule 60(b) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED** that Petitioner's motion to rescind the March 2007 Opinion and Order (Dkt. # 25), adjudicated as a "true" Rule 60(b) motion, is **denied**. A certificate of appealability is **denied**.

**DATED** this 29th day of March, 2016.

*(signed)* CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5